(Reap. Dec. 10904)

F. W. MYERS AND COMPANY, INC. *v*. UNITED STATES

Entry No. A-7126, etc.

(Decided March 2, 1965)

*Barnes, Richardson & Colburn* for the plaintiff.
*John W. Douglas*, Assistant Attorney General, for the defendant.

OLIVER, Chief Judge: The appeals for reappraisement enumerated in schedule "A," hereto attached and made a part hereof, are before me for decision on a written stipulation, reading as follows:

IT IS HEREBY STIPULATED AND AGREED by and between the parties hereto, subject to approval by the court, as follows:

1. That this stipulation is limited to the items marked "A" and initialed DR WM (Examiner's Initials) by Examiner David O. Ramsey Walter Manns (Examiner's Name) on the invoices covered by the appeals enumerated in Schedule "A" annexed.

2. That the involved merchandise consists of pipe organs and parts thereof exported from Canada.

3. That the involved merchandise was entered, or withdrawn from warehouse, for consumption after the effective date of the Customs Simplification Act of 1956 (T.D. 54165) and is not identified on the Final List published by the Secretary of the Treasury pursuant thereto (T.D. 54521) ; that appraisement was accordingly made under section 402, Tariff Act of 1930 as amended by said Customs Simplification Act.

4. That on or about the dates of exportation of the involved merchandise, such or similar merchandise was not freely sold or offered for exportation to the United States; that on or about said dates of exportation and for a period of at least 90 days thereafter, such or similar imported merchandise was not freely sold or offered for domestic consumption in the United States; that appraisement was accordingly made under constructed value as defined in section 402(d), Tariff Act of 1930 as amended.

5. That the merchandise and the issues are the same in all material respects as that involved in F. W. Myers & Co., Inc. v. United States, Reap. Dec. 10750, wherein installation expenses in the United States were held to form no part of statutory constructed values; that the record in said case may be incorporated in the record herein.

6. That the constructed value of the involved merchandise as defined in said section 402(d) is equal to the entered value.

7. That the appeals enumerated in Schedule "A" annexed may be submitted for decision upon this stipulation and the incorporated record, the same being limited to the merchandise and the issues described hereinabove and abandoned in all other respects.

On the agreed facts and following the cited decision on the law, I find that the proper basis for appraisement of the merchandise in question, as hereinabove identified, is constructed value, as defined in section 402(d), Tariff Act of 1930, as amended, and that such statutory value is equal to the entered values, and I so hold.

As to all other merchandise, these appeals for reappraisement are dismissed.

Judgment will be rendered accordingly.